IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 19-5-CJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROY FRENCH, | ) | GOVERNMENT'S RESISTANCE |
| | ) | TO DEFENDANT'S MOTION FOR |
| Defendant. | ) | REVOCATION OF DETENTION ORDER |

The government resists defendant's motion for revocation of the detention order, and in support of this resistance states as follows:

1. On January 23, 2019, defendant was indicted for one count of receipt of child pornography and four counts of possession of child pornography, including a depiction involving a prepubescent minor or a minor who had not attained 12 years of age. (Docket No. 2). On July 8, 2019, pursuant to a plea agreement, defendant entered a guilty plea to Count 3, which charged him with possession of child pornography, including a depiction involving a prepubescent minor or a minor who had not attained 12 years of age, under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Docket No. 25, 28). At the plea hearing, defendant argued that he should remain on release pending sentencing. The magistrate court ordered defendant to be detained pending sentencing. (Docket No. 30).

2. Defendant argues, among other things, that he has a low IQ, that he is vulnerable to harm in custody, that he has family support, and that he complied with his conditions of pretrial release. (Defendant's Brief at 2-5). At the plea

1

hearing, defendant offered four exhibits in support of his request to remain on release pending sentencing. (Docket No. 26-27).

3. As the magistrate court pointed out and as outlined in defendant's plea agreement, in 2011 and 2012, "[o]n multiple occasions Defendant misrepresented his name and/or age in efforts to communicate with 14- or 15-year-old females." (Docket No. 30 (order) at 3; *see* Docket No. 28 (plea agreement) at 5).

4. The mandatory detention provision in 18 U.S.C. § 3143(a)(2) applies to defendant's possession of child pornography charge. *See* 18 U.S.C. § 3143(a)(2) (mandatory detention provision applies to offenses described in 18 U.S.C. § 3142(f)(1)(A)); 18 U.S.C. § 3142(f)(1)(A) (offenses listed include "crime[s] of violence"); 18 U.S.C. § 3156(a)(4)(C) (felonies under Chapter 110 qualify as crimes of violence for detention purposes). However, under 18 U.S.C. § 3145(c), a defendant subject to detention under § 3143(a)(2) may be released if the court makes two findings. First, the court must find by clear and convincing evidence "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1) (cited in 18 U.S.C. § 3145(c)). Second, it must be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

5. The magistrate court correctly found that defendant's arguments at the plea hearing did not constitute exceptional reasons under 18 U.S.C. § 3145(c), and Eighth Circuit case law supports the court's ruling. The Eighth Circuit has held that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'"

2

*United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (quoting *United States v. Larue*, 478 F.3d 924, 926 (8th Cir. 2007)). In several child sexual exploitation cases, the Eighth Circuit has reversed district court decisions not to detain defendants pending sentencing or execution of sentence, holding that the reasons these courts gave were not "exceptional." *See United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) (reversing district court's order allowing defendant to remain free pending sentencing and finding that defendant's compliance with pretrial release terms was not an exceptional reason); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (reversing district court's order allowing defendant to self-surrender after sentencing and finding that defendant's treatment for depression and risk of suffering violence in jail were not exceptional reasons); *Little*, 485 F.3d at 1210-11 (reversing district court's order allowing defendant to self-surrender after sentencing and finding that the conduct of law enforcement officers in arresting defendant, defendant's cooperation, defendant's compliance with pretrial release conditions, and defendant's timely appearance at court proceedings were not exceptional reasons); *Larue*, 478 F.3d at 925-26 (reversing district court's order allowing defendant to remain free pending sentencing and finding that defendant's compliance with pretrial release terms, his lack of a criminal record, his payment of child support, his ongoing employment, his taking of mental health medication, and his risk of suffering violence in jail did not constitute exceptional reasons); *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (unpublished) (reversing district court's order allowing defendant to remain free

pending sentencing and finding that defendant's prior military service in Iraq and Afghanistan was not an exceptional reason).

6. Defendant's motion should be denied because he has not shown exceptional reasons under 18 U.S.C. § 3145(c).

Based on the above reasons, the government respectfully requests that the Court deny defendant's motion for revocation of the detention order.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on July 23, 2019.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:   Jill Johnston